VILLAR, DEMANDANTE Y APELANTE, *v.* PORTALATÍN, DEMANDADO Y APELADO.

No. 3432.—*Visto:* Noviembre 10, 1924. *Resuelto:* Noviembre 13, 1924.

DESESTIMACIÓN DE APELACIÓN POR FALTA DE ALEGATO—DISCRECIÓN DEL TRIBUNAL SUPREMO.—Aunque el apelante radique algunas horas después de serle notificada la moción de desestimación, el alegato que no radicó en tiempo, la discreción del Tribunal Supremo no será ejercitada en su favor si las cuestiones levantadas en el alegato no son meritorias.

APELACIÓN FRÍVOLA—MEMORÁNDUM DE COSTAS—TEMERIDAD.—La cuestión de temeridad no puede levantarse ante el Tribunal Supremo en la apelación de una sentencia dictada en procedimiento de memorándum de costas.

MOCIÓN sobre desestimación de apelación. *Desestimada.*

*Campillo & Campillo* y *M. Tous Soto,* abogados del apelante; *A. Marín Marién,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Se trata de una moción pidiendo la desestimación del recurso de apelación que fué interpuesto por el demandante contra una resolución de la corte inferior, aprobando un memorándum de costas a favor del demandante.

La moción se funda en no haber presentado en tiempo el apelante su alegato, sosteniendo el recurso. Aparece de los autos que el apelante solicitó y obtuvo para la presentación del alegato una prórroga de 30 días, pero el mismo no fué radicado dentro de la prórroga. Entonces viene la moción para desestimar y fué archivada el 21 de septiembre de 1924, y aunque el alegato se presentó en la misma fecha, fué presentado horas después.

Como esta controversia para ser resuelta descansa más bien en la discreción de esta Corte Suprema, tal vez hubiéramos ejercido tal discreción en sentido favorable al apelante, si no fuera porque del mismo alegato nada se desprende o se discute que pueda influir para que modifiquemos los términos de la resolución inferior.

En el pleito principal hubo demanda, contestación y contrademanda. La demanda se declaró sin lugar y prosperó la contrademanda en su parte esencial, imponiéndose todas las costas al demandante. En la misma forma fué confirmada la sentencia inferior por esta Corte Suprema. El memorándum de costas fué presentado por $314 y rebajado por la corte inferior a $214.00. Esta suma comprende $200 por honorarios de abogado. El apelante inconforme con la reducción insiste todavía en discutir la cuestión de temeridad y alega que no hubo tal por parte del demandante al establecer su demanda. Esto demuestra la frivolidad del recurso. La corte inferior al dictar sentencia tuvo en cuenta la temeridad o culpa en que incurrió el demandante para imponerle las costas, y en apelación la sentencia no fué variada. Es, pues, un punto en controversia, que como cuestión legal, no puede suscitarse de nuevo en este recurso sobre tasación y cobro de costas, si bien parece que la corte inferior no prescindió de apreciar el grado de temeridad del demandante al reducir a $200 el montante de honorarios de abogado, no abusando de su discreción.

*Por lo expuesto, la apelación debe desestimarse.*